LODGED

2011 SEP 30 PM 12:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

FILED

2011 OCT 11 PM 2:51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE ASSOCIATION

PLAINTIFF(S)

V.

LETTY SOLANO AND DOES 1-10

DEFENDANT(S)

CASE NUMBER

CV11- 8134 UA (DUTYx)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE**

**IT IS ORDERED** that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____      _____
Date                          United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☒ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____

☐ Other: _____

Comments: See attached

October 4, 2011                 /s/ Carla M. Woehrle
Date                            United States Magistrate Judge

**IT IS ORDERED** that the request of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED                      ☒ DENIED (See comments above).

10/7/2011                       /s/ Audrey B. Collins
Date                            United States District Judge

CV-73A (01/10)    ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

<u>Federal National Mortgage Assoc. v. Letty Solano,</u> CV11-8134-UA (continued):

Letty Solano has applied for leave to file a Petition for Removal without prepayment of the filing fee. She seeks to remove an unlawful detainer action filed against her in California state court by the Federal National Mortgage Association ("FNMA"). She asserts federal question jurisdiction, apparently on the basis that the mortgage instrument at issue in the unlawful detainer case is governed by federal law. It appears she may also seek to assert affirmative defenses or claims against FNMA under the federal Truth in Lending Act and Fair Debt Collection Practices Act.

A state court action may be removed to federal court based on federal question jurisdiction under 28 U.S.C. § 1331 when a federal question appears on the face of the state court plaintiff's properly pleaded complaint. 28 U.S.C. § 1441; <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (citations omitted); <u>Franchise Tax Bd. of the State of Calif. v. Constr. Laborers Vacation Trust for So. Calif.</u>, 463 U.S. 1, 10, 103 S. Ct. 2841 (1983) ("a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (emphasis in original) (citations omitted); <u>Harris v. Provident Life & Accident Ins. Co.</u>, 26 F.3d 930, 933-34 (9th Cir. 1994) (citation omitted). The only exception is where state-law claims in a removal complaint are completely preempted by federal law. See <u>Caterpillar, Inc.</u>, 482 U.S. at 393; <u>Marin Gen. Hosp. v. Modesto & Empire Traction Co.</u>, 581 F.3d 941, 944 (9th Cir. 2009). When a case is removed to federal court there is a strong presumption against federal jurisdiction, and the burden is on the removing defendant to prove removal is proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

Here, the state complaint alleges only a claim for unlawful detainer, a California state law action, Cal. Code Civ. P. § 1161, et seq., and Solano has not alleged or demonstrated that the claim is completely preempted by any of the federal laws she cites in her Petition for Removal. Consequently, while Solano might be able to file an independent federal action asserting federal claims against Federal National Mortgage Association, this court lacks removal jurisdiction over the state complaint.

It further appears that amendment would be futile with respect to any ground for jurisdiction. In particular, no ground for diversity jurisdiction under 28 U.S.C. § 1332 would lie given that the amount in controversy as reflected on the face of the complaint does not exceed $75,000.